JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04040-PSG-RAOx | Date | July 17, 2024 |
|---|---|---|---|
| Title | Solis Vaquerano v. Sams West, Inc. | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Derek Davis | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     **Order GRANTING Plaintiff's motion to remand.**

Before the Court is Plaintiff Ana Marina Solis Vaquerano's ("Plaintiff") motion to remand this case to Los Angeles County Superior Court. *See* Dkt. # 9 ("*Mot.*"). Defendant Sam's West, Inc. ("Defendant") opposed, *see* Dkt. # 12 ("*Opp.*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** Plaintiff's motion to remand.

Plaintiff tripped over a shopping cart at a Sam's Club location on April 30, 2022, suffering multiple injuries. *See First Amended Complaint,* Dkt. # 11 ("*Amd. Compl.*"), ¶¶ 13–15, 30–33. In November 2023, Plaintiff's attorney sent Defendant a confidential settlement demand letter seeking more than $75,000 to settle their claims. *Declaration of Analicia Avila ISO Plaintiff's Motion to Remand,* Dkt. # 9-1 ("*Avila Decl.*"), ¶ 3. The parties did not resolve Plaintiff's claims, so on March 5, 2024, Plaintiff filed a lawsuit in Los Angeles County Superior Court asserting negligence and premises liability. *See Superior Court Compl.*, Dkt. # 1-2; *see also Amd. Compl.* ¶¶ 18–43.

On May 9, 2024, Defendant received Plaintiff's Responses to Defendant's Special Interrogatories, in which Plaintiff alleged $86,340.38 in medical damages, *see Plaintiff's Response to Defendant's Special Interrogatories*, Dkt. # 1-5 ("*Response*"). On May 15, 2024, Defendant removed the case to this Court, invoking the Court's diversity jurisdiction citing Plaintiff's medical damages to satisfy the amount in controversy requirement. *See Notice of Removal*, Dkt. # 1 ("*NOR*").

Plaintiff now moves to remand the case, in part, asserting that Defendant's removal was untimely as it "waited sixty-nine (69) days after service of Plaintiff's Complaint before it filed its Notice of Removal." *See Mot.* 6:7–24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04040-PSG-RAOx | Date | July 17, 2024 |
|---|---|---|---|
| Title | Solis Vaquerano v. Sams West, Inc. | | |

Defendants may generally remove any case filed in state court over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). To remove a case, the defendant must file a notice of removal in federal court. *Id.* § 1446(a). The notice of removal must be filed either (1) within thirty days after the defendant receives the initial pleading *or* (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(2)(A)–(3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Under the "unequivocally clear and certain" standard, an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3). *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

"A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Although a district court lacks the authority to remand a case sua sponte for procedural defects, *see Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017), and the Ninth Circuit has found that the time limits for removal are procedural, not jurisdictional, *see Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), the court may remand upon a timely motion to remand. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) ("Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s . . . time limitation absent a timely filed motion to remand."). Here, Plaintiff timely filed her motion to remand, filing her motion on June 14, 2024, within 30 days of Defendant filing its notice of removal on May 15, 2024. 28 U.S.C. § 1447(c).

The Court finds that Defendant has failed to meet its burden to establish that removal is proper. Plaintiff sent Defendant a settlement demand letter in November 2023 claiming that Plaintiff sought damages in excess of $75,000. *Avila Decl.* ¶ 3. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Bea v. Encompass Ins. Co.*, No. CV-13-00008-JLQ, 2013 WL 1747910, at *3 (N.D. Cal. Apr. 23, 2013) ("[A] letter from plaintiff's counsel containing an estimate as to damages may serve as the "other paper" for removal purposes."). Specifically, Plaintiff notes that the settlement demand letter "included as exhibits . . . medical billing for treatment received by Plaintiff related to the subject incident which exceeded $75,000." *Avila Decl.* ¶ 3. As the medical billing would allow

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04040-PSG-RAOx | Date | July 17, 2024 |
|---|---|---|---|
| Title | Solis Vaquerano v. Sams West, Inc. | | |

Defendant to make a reasonable estimation of Plaintiff's claims, Plaintiff's settlement demand letter should have put Defendant on notice that the case was removable.

Moreover, Defendant fails to show that Plaintiff's settlement demand letter did not put it on notice. Defendant concedes that Plaintiff's "demand letter indicated . . . a demand that exceeded the statutory [Amount in Controversy]," but claims, without including Plaintiff's settlement demand letter or a declaration as to its contents, that "Plaintiff's demand letter indicated less than $14,000.00 in medical billing." *Opp.* 11:5–12. Because Plaintiff's medical damages were allegedly less than $14,000, Defendant characterizes Plaintiff's demand as a "bold optimistic prediction," *Opp.* 10:22-11:12, and argues it did not have notice of removability until it received Plaintiff's Responses to Special Interrogatories alleging $86,340.38 in past medical damages on May 9, 2024. *NOR* ¶ 8.

But Defendant's unsubstantiated argument that Plaintiff's settlement demand letter was insufficient is unconvincing. This is especially so considering Defendant concedes that the letter indicated that Plaintiff sought more than $75,000. Further, Defendant cites Plaintiff's medical damages as evidence that the amount in controversy is satisfied in its Notice of Removal, *NOR* ¶ 8, which Plaintiff claims is the same evidence that she included in her settlement demand letter, *Mot.* 8 n.2. As "any doubt as to the appropriateness of removal is to be resolved in favor of remand," *Hoeft v. Time Warner Cable, Inc.*, No. LA CV18–00293 JAK (MRWx), 2018 WL 2078814, at *5 (C.D. Cal. May 2, 2018), the Court determines Defendant was on notice the amount in controversy when Defendant received Plaintiff's settlement demand letter.

Accordingly, Defendant's thirty-day clock started on March 5, 2024, when it received Plaintiff's Complaint. Defendant's removal on May 15, 2024 is thus untimely. Because Plaintiff has timely challenged the removal, the Court **GRANTS** Plaintiff's motion to remand.

**IT IS SO ORDERED.**